UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTIN BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY; and HEIDI PERCY, in her official capacity as Snohomish County Clerk,<br><br>Defendants. | CASE NO. 2:26-cv-02754-JNW<br><br>ORDER DISMISSING CASE UNDER 28 U.S.C. § 1915 |

## 1. INTRODUCTION

The Court raises this matter of its own accord. Plaintiff Austin Bennett proceeds pro se and in forma pauperis (IFP). He sues Snohomish County and Heidi Percy in her official capacity as Snohomish County Clerk. Dkt. No. 5 at 1. Bennett claims Defendants violated his right to access the courts under the First and Fourteenth Amendments by charging a $30 administrative fee to use Snohomish County's online "Ex Parte Portal." After reviewing the Complaint, Dkt. No. 5, under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Bennett fails to state a claim and that amendment would be futile.

## 2. BACKGROUND

On July 29, 2026, Bennett submitted a "Motion and Declaration for Waiver of Civil Fees and Surcharges" under Washington State Court General Rule 34 to Snohomish County Superior Court through the court's online, "Ex Parte Portal." Dkt. No. 5 at 2. Court staff told him the portal carried a $30 administrative fee. *Id.* Because Bennett refused to pay the fee, "Clerk personnel did not transmit [his fee-waiver motion] to a judicial officer" and instead "issued a rejection" for lack of payment. *Id.* One court employee "directed [Bennett] toward physical or postal procedures" for submitting his fee waiver motion. *Id.* at 3. Defendant Percy told Bennett the same thing. She wrote that "[t]he Clerk's Office $30 ex parte fee is an optional service offered by our office . . . [and] is not waivable under [General Rule] 34." *Id.* She gave Bennett three other ways to present his motion: "(1) physically deliver the request to the confirmations office; (2) appear in person before an ex parte commissioner; or (3) e-file and use a later commissioner calendar." *Id.*

## 3. DISCUSSION

Section 1915 requires the Court to dismiss an IFP action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Thus, to survive Section 1915 review, the complaint

"must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pro se pleadings, such as the Complaint here, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*.").

Bennett brings his civil rights claims under 42 U.S.C. § 1983, which "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Generally, "[t]o establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). A Section 1983 claim against a local government, like Snohomish County, demands more. Bennett must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation. *See Dougherty v. City of*

*Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Bennett's claim fails at the first step. He does not plausibly allege that Defendants deprived him of his constitutional right to access the courts. Rather, his own factual allegations confirm that he has access. Dkt. No. 5 at 2–5. Indeed, the Snohomish County Superior Court Clerk provided Bennett with several options for submitting his fee-waiver motion, including the option to submit it in person without paying the $30 Ex Parte Portal fee. Dkt. No. 5 at 3. Because the defect lies in Bennett's factual allegations rather than how he pled them, amendment cannot fix the problem. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (leave to amend not required when amendment would be futile).

## 4. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. The Court DISMISSES the complaint WITH PREJUDICE.
2. The Motion for Temporary Restraining Order, Dkt is DENIED AS MOOT. Dkt. No. 2.
3. The Clerk of the Court is DIRECTED to CLOSE this case.

Dated this 12th day of August, 2026.

Jamal N. Whitehead
United States District Judge