UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTIN BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY; and HEIDI PERCY, in her official capacity as Snohomish County Clerk,<br><br>Defendants. | CASE NO. 2:26-cv-02754-JNW<br><br>ORDER DENYING RECONSIDERATION AND STRIKING AMENDED COMPLAINT |

Plaintiff Austin Bennet's motion for reconsideration comes before the Court. Dkt. No. 9. The Court dismissed Bennett's complaint with prejudice after reviewing it under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Dkt. No. 7 at 4. Bennett tried to assert a Section 1983 claim against Snohomish County and Heidi Percy, "in her official capacity as Snohomish County Clerk," for violating his right to access the courts under the First and Fourteenth Amendments. Dkt. No. 5. He argued that he lacked meaningful access to Snohomish County Superior Court because he could not file a fee-waiver application through the court's online "Ex Parte Portal" without paying a $30 administrative fee. *Id.* at 3. But the complaint

also stated that Defendant Percy offered three other ways to present the application: "(1) physically deliver the request to the confirmations office; (2) appear in person before an ex parte commissioner; or (3) e-file and use a later commissioner calendar." *Id*. Because Bennett's own allegations confirmed that he had access to Snohomish County Superior Court, the Court dismissed his complaint and found that amendment would be futile.

Bennett then filed an amended complaint and a motion for reconsideration. Dkt. Nos. 8; 9. The motion asks the Court to reopen this case and treat the amended complaint as the operative complaint. Dkt. No. 9 at 3. Alternatively, he asks that the dismissal of his first complaint be without prejudice. *Id*. Bennett's proposed amended complaint adds claims under Title II of the Americans with Disabilities Act, adds defendants, and pleads new facts that Bennett says relate to his Section 1983 claim. Dkt. No. 8 at 4–5.

"Motions for reconsideration are disfavored," LCR 7(h)(1), and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Bennett's new allegations do not move the needle. None of them bear on the reason the Court dismissed the complaint. And his proposed ADA claims are not

the subject of the dismissal order. To the extent that Bennet wants to pursue other legal claims that have not been dismissed with prejudice, he must file them in a new case, as this case is closed.

Accordingly, the Court DENIES Bennett's motion for reconsideration, Dkt. No. 9, and STRIKES his amended complaint, Dkt. No. 8, as an improper filing under Fed. R. Civ. P. 12(f).

Dated this 17th day of August, 2026.

Jamal N. Whitehead
United States District Judge